IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **Mary Edborg,**<br><br>    Plaintiff,<br><br>  v.<br><br>**Fundamental Health Care, Inc.[1],**<br><br>    Defendant. | No.  07 CV 06218<br><br>Judge Der-Yeghiayan |

### MOTION TO CONTINUE INITIAL STATUS CONFERENCE AND EXTEND DEADLINE FOR INITIAL STATUS AND JURISDICTIONAL REPORTS

Defendant, THI of Illinois at Brentwood, LLC d/b/a Brentwood Sub-Acute Healthcare Center (erroneously sued as Fundamental Health Care, Inc.), by and through its attorneys, Amy S. Ramsey and Raven A. Winters of Littler Mendelson, P.C., hereby moves for a thirty (30) day continuance of the initial status conference and accordingly, the deadlines by which the Initial Status Report and Joint Jurisdictional Status Report are due.  In support of this Motion, Defendant states as follows:

1. The Complaint in this case was filed on November 2, 2007.

2. Plaintiff sent Defendant a waiver of summons dated November 12, 2007, and Defendant accepted service on December 12, 2007.  Accordingly, Defendant's answer is due on January 11, 2008.

3. Pursuant to the Court's pretrial case management procedures, the initial status conference was set for January 9, 2008.  In preparation for the initial status conference, the parties are required to conduct a FRCP 26(f) conference and file a joint written Initial Status

---

[1] Defendant has been erroneously identified as Fundamental Health Care, Inc.  Plaintiff was employed by THI of Illinois at Brentwood, LLC d/b/a Brentwood Sub-Acute Healthcare Center.

Report and a Joint Jurisdictional Status Report. This must take place at least four working days before the initial status conference, which in this case would be January 3, 2008.

4.　　Defendant agreed to waive service so that it could have more time to assess the lawsuit before answering the complaint and appearing for the initial status conference. If required to appear for the initial status conference and file the accompanying reports before the answer is due, Defendant will have lost the benefit of waiving service. Further, at this time, defense counsel does not have the information needed to complete the required reports and as such, holding a Rule 26(f) conference with opposing counsel would be futile. Likewise, holding the initial status conference before completing the reports would not be productive.

5.　　This Motion is not brought in bad faith, will not prejudice either party, and is not brought for any improper purpose.

　　　　WHEREFORE, Defendant requests that this Court grant this Motion to Continue Initial Status Conference and Extend Deadline for Initial Status and Jurisdictional Reports so that Defendant will have the opportunity to properly assess the lawsuit before participating in a Rule 26(f) meeting and preparing the required reports for the initial status conference.

　　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　/s/ Amy S. Ramsey
　　　　　　　　　　　　　　　　　　　　　　Amy S. Ramsey

Amy S. Ramsey
Raven A. Winters
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: December 31, 2007

## **CERTIFICATE OF SERVICE**

I hereby certify that on December 31, 2007, a copy of ***Defendant's Motion to Continue Initial Status Conference and Extend Deadline for Initial Status and Jurisdictional Reports*** was filed electronically.  Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt.  Parties may access this filing through the Court's electronic system.

John William Billhorn jbillhorn@billhornlaw.com
BILLHORN LAW FIRM

                /s/ Amy S. Ramsey
                   Amy S. Ramsey