IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **MARY EDBORG, on behalf of herself and all other plaintiffs known and unknown,**<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>**FUNDAMENTAL HEALTH CARE, INC.[1],**<br><br>　　　　　Defendant. | No.  07 C 6218<br><br>Judge Der-Yeghiayan<br>Magistrate Judge Valdez |

## JOINT INITIAL STATUS REPORT

**NOW COME** the parties, by their attorneys of record, John W. Billhorn on behalf of Mary Edborg and other Plaintiffs Similarly Situated, and Amy Schaefer Ramsey (lead trial attorney) and Raven A. Winters on behalf of Defendant THI of Illinois at Brentwood, LLC d/b/a Brentwood Sub-Acute Healthcare Center (erroneously sued as Fundamental Health Care, Inc.) and for their Initial Status Report, state as follows:

　　1.　　Plaintiff's claims are for unpaid wages and related relief.

　　2.　　Plaintiff seeks unpaid wages, liquidated damages, attorneys' fees and injunctive relief. Additionally, Plaintiff seeks to send Notice to other similarly situated past and present employees under both FRCP and Section 216(b) of the Fair Labor Standards Act.

　　3.　　All parties have been served.

　　4.　　The principal initial legal issues are:

　　　　　a.　Whether Plaintiff is entitled to conditional certification and notice to similarly situated employees under 29 U.S.C. § 216(b);

---

[1] Defendant has been erroneously identified as Fundamental Health Care, Inc.  Plaintiff was employed by THI of Illinois at Brentwood, LLC d/b/a Brentwood Sub-Acute Healthcare Center.

    b. Whether Plaintiff can maintain this case as a collective action pursuant to 29 U.S.C. § 216(b);

    c. Whether Plaintiff can bring her state law claims under the Illinois Wage Payment Law and the Illinois Wage Payment and Collection Act as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    d. Whether Plaintiff was properly classified as exempt under the Fair Labor Standards Act ("FLSA") and the Illinois Minimum Wage Law;

5. The principal factual issues are whether Defendant has violated the FLSA, the Illinois Wage Payment and Collection Act, or the Illinois Minimum Wage Act and if so, what damages exist.

6. There are no pending motions.

7. Discovery has not yet been initiated.

8. Plaintiff is prepared to serve written discovery upon Defendants and thereafter proceed with depositions of individuals identified. Plaintiff intends to first focus discovery on the scope of the potential Plaintiff class and will seek an agreement from Defendant, or ultimately motion the Court, for permission to send Notice and Consent to appropriate past and present employees. Defendant will conduct both written discovery and depositions. Defendant first requires discovery on: (a) Plaintiff's individual claim; (b) whether Plaintiff can satisfy her burden of showing that similarly situated employees exist such that this case is appropriate for treatment as a collective action pursuant to 29 U.S.C. § 216(b); and (c) whether Plaintiff can satisfy the requirements of Federal Rule of Civil Procedure 23 for her class claims. Defendant next requires discovery on the merits of the case as it relates to the opt-in plaintiffs and/or class members, if any. Finally, Defendant anticipates requiring expert discovery on the issue of damages.

9. The parties suggest that discovery proceed in two phases.

    a. First, a period wherein discovery will be focused on the questions of whether notice should be issued to potential class members and whether this case can be

certified under Rule 23 of the Federal Rules of Civil Procedure (hereinafter referred to as "Notice Discovery"). This phase will also focus on issues related to Plaintiff's individual claim. Second, if necessary, a period of discovery on the merits of the collective action/class claims (hereinafter referred to as "Merits Discovery"). The parties agree that Merits Discovery should not commence until after the completion of Notice Discovery and the Court rules on Plaintiff's motion to facilitate notice and to certify a class. The parties believe that it is the most cost effective and efficient use of judicial resources that the parties engage in Merits Discovery only after the Court rules on the collective action/notice/class certification issues, and the precise parameters of this litigation are defined.

b. The parties will exchange Rule 26(a)(1) initial disclosures for Notice Discovery by **February 1, 2007**.

c. Discovery on the Notice issue shall be commenced in time to be completed by **May 1, 2008**.

d. Discovery Limits (Notice Discovery):

  a) Maximum of 25 interrogatories to each party.

  b) Maximum of 25 document requests to each party.

  c) Maximum of 15 requests for admission to each party.

  d) Maximum of 10 depositions by Plaintiffs and by Defendant (i.e., maximum of 10 depositions by each side).

  e) The parties may agree to exceed these limits, if necessary; however, if parties cannot agree, any party may request permission of the Court to exceed these limits.

    e. Plaintiff's motion to send notice to potential class members and motion for class certification shall be filed by **May 16, 2008**. Defendant's opposition to Plaintiff's motion to send notice and motion for class certification shall be filed by **June 16, 2008**.

    f. After the Court issues a ruling on the collective action/notice/class certification issues, the parties shall meet and prepare an updated Joint Status Report which will outline the appropriate Merits Discovery, if necessary.

    g. If necessary (i.e., if the Court decides to issue notice to potential class members after Notice Discovery and/or if it certifies a class under Rule 23), the parties shall confer and regarding deadlines for Merits Discovery and shall submit to the Court proposed deadlines for reports from retained experts under Rule 26(a)(2) as part of their proposed plan for Merits Discovery.

    h. Supplementations under Rule 26(e) will be due within 30 days of when a party receives additional information that changes or supplements a prior disclosure or discovery response. All required supplementations should be completed sufficiently in advance of the discovery cutoff date to allow the opposing party to conduct follow up discovery.

10. The Parties estimate that the case will be ready for trial within 60 days of ruling on dispositive motions.

11. The probable length of trial depends upon the number of plaintiffs who may opt-in pursuant to the notice provisions of the FLSA or FRCP 23. The probable length of trial will be ascertainable subsequent to completion of Notice Discovery and the Court's rulings relative to the Notice issues.

12. Plaintiff has requested a jury trial.

13. There have not yet been settlement discussions.

14. The Parties <u>consent</u> to proceed before Magistrate Judge Valdez.

Respectfully submitted,

/s/Amy Schaefer Ramsey  
Amy Schaefer Ramsey  
Raven A. Winters  
LITTLER MENDELSON  
A Professional Corporation  
200 N. LaSalle Street  
Suite 2900  
Chicago, IL  60601  
312.372.5520  
*Attorneys for Defendant*

/s/John W. Billhorn  
John W. Billhorn  
Billhorn Law Firm  
515 N. State Street #2200  
Chicago, Illinois 60610  
312.464.1450  
*Attorney for Plaintiff*

Dated: January 14, 2008

## **CERTIFICATE OF SERVICE**

I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following attorney of record on this 11th day of January, 2008:

> John W. Billhorn
> Billhorn Law Firm
> 515 North State Street, Suite 2200
> Chicago, IL  60610

/s/Amy Schaefer Ramsey

Firmwide:84027910.2 053930.1003