**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **MARY EDBORG, on behalf of herself and all other plaintiffs known and unknown,**<br><br>Plaintiff,<br><br>v.<br><br>**THI OF ILLINOIS AT BRENTWOOD, LLC, d/b/a BRENTWOOD SUB-ACUTE HEALTHCARE CENTER,**<br><br>Defendant. | No.  07 C 6218<br><br>Judge Der-Yeghiayan<br>Magistrate Judge Valdez |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant, THI of Illinois at Brentwood, LLC d/b/a Brentwood Sub-Acute Healthcare Center, by and through its attorneys, for its Answer and Affirmative Defenses, states as follows:

### I.     NATURE OF ACTION

1.      This action is brought under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq.*

**ANSWER**:      Defendant admits that Plaintiff purports to bring this action under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.,* the Illinois Minimum Wage Law, 820 ILCS 105/1 *et seq.,* and the Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1, *et seq.*  Defendant denies that Plaintiff's claims are valid.

## II.    JURISDICTION AND VENUE

2.    Jurisdiction arises under the provisions of the Fair Labor Standards Act, 29 U.S.C. §§ 206, 207, the Portal-to-Portal Act, 29 U.S.C. §251 *et seq.*, and for the supplemental Illinois statutory claims, pursuant to 28 U.S.C. §1367.  Venue lies in the Northern District of Illinois in that Plaintiff is a resident of this district and Defendant is engaged in business in this district.

**ANSWER**:    Defendant admits that the Fair Labor Standards Act and the Portal-to-Portal Act raise federal questions, which make jurisdiction in this court appropriate under 28 U.S.C. § 1331.  Defendant further admits that this court has jurisdiction over supplemental Illinois statutory claims pursuant to 28 U.S.C. §1367.  Defendant admits that it does business within this district, and upon information and belief, it admits that Plaintiff is a resident of this district, making venue appropriate in this district.  Defendant denies each and every remaining allegation in this paragraph.

## III.    PARTIES

3.    Defendant, THI of Illinois at Brentwood, LLC, d/b/a Brentwood Sub-Acute Healthcare Center, (hereinafter "Defendant") is engaged in the business of providing healthcare services.  As such, Defendant's services qualify as an enterprise engaged in commerce as defined by the FLSA.  During all relevant times, Defendant was acting directly or indirectly in the interest of the employer in relation to the employee Plaintiff and, therefore, is an "employer" as defined under both the federal and state statutes relied upon herein.

**ANSWER**:    Defendant admits that THI of Illinois at Brentwood, LLC is engaged in the business of providing healthcare services, which renders it an entity engaged in commerce as defined by the FLSA.  Defendant further admits that it qualifies as an employer under the federal and state statutes relied upon herein.  Defendant denies each and every remaining allegation in this paragraph.

4.    Plaintiff, Mary Edborg, (hereinafter "the named Plaintiff") and all other Plaintiffs of the class, known and unknown (hereinafter referred to as "members of the Plaintiff Class") are either present or past hourly employees of Defendant.  As employees performing duties for an enterprise engaged in commerce, the named Plaintiff and all Plaintiffs similarly situated also were engaged in commerce as defined b y the FLSA.

**ANSWER**:     Defendant admits that Plaintiff performed duties for an enterprise engaged in commerce.  Defendant denies each and every remaining allegation in this paragraph.

## IV.    CLASS ALLEGATIONS

### Fair Labor Standards Act

5.     Pursuant to the Fair labor Standards Act, 29 U.S.C. §216(b), Count I of this action is maintained by the named Plaintiff as an opt-in representative action, for and on behalf of herself and other past and present hourly employees similarly situated, who have been or will in the future be damaged by Defendant's failure to comply with 29 U.S.C. §201 *et. seq.* and §251 *et. seq*  Count II alleges a willful violation of the FLSA and seeks an additional, third year of limitations.  Count III seeks liquidated damages under the Fair Labor Standards Act, Section 260.  Plaintiff seeks to send Notice to all similarly situated hourly employees who have been denied proper over time compensation, as required by 29 USC [sic] Section 216(b) and supporting case law.

**ANSWER**:     Defendant admits that Plaintiff purports to bring this action as a collective action under the Fair labor Standards Act, 29 U.S.C. §216(b), that she seeks to issue notice to similarly situated employees, and that she alleges that Defendant willfully violated the FLSA and that she seeks liquidated damages.  Defendant denies that these allegations have any merit and further denies each and every remaining allegation in this paragraph.

### Illinois Minimum Wage

6.     Pursuant to the Illinois Minimum Wage Law, 820 ILCS Section 105/1 et seq. [sic] Count IV of this action is brought by Plaintiff to recover unpaid back wages earned on or after the date three (3) years prior to the filing of this action.

**ANSWER**:     Defendant admits that Plaintiff purports to bring this action under the Illinois Minimum Wage Law.  Defendant denies the validity of this claim and further denies each and every remaining allegation in this paragraph.

### Illinois Wage Payment and Collection Act

7.     Pursuant to Illinois Wage Payment and Collection Act, 820 ILCS Section 115/1 et seq. [sic], Count V of this action is brought by Plaintiff to recover unpaid back wages earned on

or after the date five (5) years prior to the filing of this action.

**ANSWER**:     Defendant admits that Plaintiff purports to bring this action under the

Illinois Wage Payment and Collection Act.  Defendant denies the validity of this claim and

further denies each and every remaining allegation in this paragraph.

## V.     FACTUAL ALLEGATIONS RELEVANT TO ALL COUNTS

8.     The named Plaintiff, and all similarly situated members of the Plaintiff Class,
were compensated as hourly employees for purposes of payroll compensation but denied time
and half their regular rate of pay for work performed after 40 hours per work week pursuant to
the requirements of the federal and state statutes herein relied upon.

**ANSWER**:     Defendant denies the allegations in this paragraph.

9.     Defendant's practice and policy is and was to record for payroll compensation
purposes employee time up to 80 hours per two-week pay period.  Any hours worked by Plaintiff
or workers of the Plaintiff class were ignored by Defendant or otherwise not recorded or
recognized as compensable work time.

**ANSWER**:     Defendant denies the allegations in this paragraph.

## COUNT I

1-9.     Paragraphs 1 through 9 are re-alleged and incorporated as though set forth fully
herein as paragraphs 1 through 9 of this Count I.

**ANSWER**:     Defendant re-states its answers to paragraphs 1 through 9 as though fully

set forth herein as its answers to paragraphs 1 through 9 of Count I.

10.     Pursuant to Fair Labor Standards Act, 29 U.S.C. §201 *et. seq.*, and the Portal-to-
Portal Act 29 U.S.C. §251 *et. seq.*, the named Plaintiff, and all other Plaintiffs similarly situated,
known and unknown, are entitled to compensation at a rate not less than one and one-half times
their regular rate of pay for all hours worked in excess of forty (40) in any week during the two
(2) years preceding the filing of this action.

**ANSWER**:     Defendant denies the allegations in this paragraph.

11.     Defendant's [sic] have [sic] at all times relevant hereto failed and refused to pay

compensation to its employees, including the named Plaintiff herein, at the rate of one and one-

half times her regular hourly wage rate for hours worked over forty (40) in a work week, all as

required by the F.L.S.A. [sic]

**ANSWER**:    Defendant denies the allegations in this paragraph.

WHEREFORE, the named Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)    awarding back pay equal to the amount of all unpaid compensation for the two (2) years preceding the filing of this complaint, according to the applicable statute of limitations;

(b)    awarding prejudgment interest with respect to the total amount of unpaid compensation;

(c)    awarding Plaintiff's reasonable attorney's fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and,

(d)    for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER**:    Defendant denies that either Plaintiff or the class that she purports to represent are entitled to the relief requested.

## COUNT II

## WILLFUL VIOLATION OF THE FAIR LABOR STANDARDS ACT

1-9.    Paragraphs 1 through 9 of count I are realleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count II.

**ANSWER**:    Defendant re-states its answers to paragraphs 1 through 9 as though fully set forth herein as its answers to paragraphs 1 through 9 of Count II.

10.    Defendant's [sic] have [sic], both in the past and presently, willfully failed to pay the named Plaintiff and members of the Plaintiff Class for work weeks in excess of forty (40) hours per week at a rate equal to one and one-half times their regular rate of pay, despite the fact that Defendant knew, or should have known, of the requirements of the Fair Labor Standards Act.

**ANSWER**:    Defendant denies the allegations in this paragraph.

11.    Defendant continues a pattern of deliberate, voluntary, intentional, and willful violation of the Fair Labor Standards Act.

**ANSWER**:    Defendant denies the allegations in this paragraph.

12.    Pursuant to the Fair Labor Standards Act, Plaintiff, and all other employees similarly situated, past or present, are entitled to compensation at a rate not less than one and

one-half times their regular rate of pay for all the hours worked in excess of forty (40) in any given week in the three (3) years preceding the filing of this complaint.

**ANSWER**:     Defendant denies the allegations in this paragraph.

WHEREFORE, the named Plaintiff, on BEHALF OF HERSELF AND ALL OTHER Plaintiffs similarly situated, known and unknown, respectfully requests this Court to enter an order as follows:

(a)     awarding back pay equal to the amount of all unpaid compensation for one (1) additional year, totaling three (3) years preceding the filing of this Complaint;

(b)     awarding prejudgment interest with respect to the amount of unpaid compensation;

(c)     awarding Plaintiff's reasonable attorney's fees and Court costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(d)     for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER**:     Defendant denies that either Plaintiff or the class that she purports to represent are entitled to the relief requested.

## COUNT III

## LIQUIDATED DAMAGES

## UNDER THE FAIR LABOR STANDARDS ACT

1-9.     Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of Count III.

**ANSWER**:     Defendant re-states its answers to paragraphs 1 through 9 as though fully set forth herein as its answers to paragraphs 1 through 9 of Count III

10.     In denying the named Plaintiff and members of the Plaintiff Class compensation at a rate of one and one-half their hourly rate of pay for hours worked over forty (40) in a workweek, Defendant's acts were not based upon good faith or reasonable grounds.

**ANSWER**:     Defendant denies the allegations in this paragraph.

11.     The named Plaintiff and all other past and present employees similarly situated, known and unknown, are entitled to liquidated damages equal to the amount of unpaid overtime compensation, pursuant to 29 U.S.C. §260.

**ANSWER**:     Defendant denies the allegations in this paragraph.

WHEREFORE, the named Plaintiff, on behalf of herself and all other Plaintiffs similarly situated, known and unknown, respectfully request this Court to enter an order as follows:

(a)    awarding liquidates damages equal to the amount of all unpaid compensation;

(b)    awarding Plaintiff's reasonable attorneys' fees and costs incurred as a result of Defendant's violation of the Fair Labor Standards Act; and

(c)    for such additional relief as the Court deems appropriate under the circumstances.

**ANSWER**:    Defendant denies that either Plaintiff or the class that she purports to represent are entitled to the relief requested.

## COUNT IV

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS MINIMUM WAGE LAW

1-9.    Paragraphs 1 through 9 of Count I are re-alleged and incorporate as though set forth fully herein as Paragraphs 1 through 9 of this Count IV.

**ANSWER**:    Defendant re-states its answers to paragraphs 1 through 9 as though fully set forth herein as its answers to paragraphs 1 through 9 of Count IV.

10.    The Illinois Minimum Wage Law provides one and one half times their regular rate of pay must be paid to employees for work performed in excess of 40 hours in a workweek.

**ANSWER**:    Defendant admits that this is an accurate statement of the law as it applies to non-exempt employees.    Defendant denies each and every remaining allegation in this paragraph.

11.    Defendant's failure to pay the overtime wages as described has been willful and/or in bad faith.

**ANSWER**:    Defendant denies the allegations in this paragraph.

WHEREFORE, the named Plaintiff requests this Court to enter an Order:

(a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Minimum Wage Law;

(b)    awarding an amount of damages, to be shown by the evidence, to which Plaintiff

and other members of the Plaintiff Class are entitled;

Plaintiff further requests that:

(c)    this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedied the compensation policies and practices complained of herein and are determined to be in full compliance with the law;

(d)    this Court order Defendant's [sic] to pay to [sic] Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

(e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

**ANSWER**:    Defendant denies that either Plaintiff or the class that she purports to represent are entitled to the relief requested.

## COUNT V

## SUPPLEMENTAL STATE LAW CLAIM

## VIOLATION OF THE ILLINOIS WAGE PAYMENT AND COLLECTION ACT

1-9.    Paragraphs 1 through 9 of Count I are re-alleged and incorporated as though set forth fully herein as Paragraphs 1 through 9 of this Count V.

**ANSWER**:    Defendant re-states its answers to paragraphs 1 through 9 as though fully set forth herein as its answers to paragraphs 1 through 9 of Count V.

10.    The Illinois Wage Payment and Collection Act, Section 2, defines wages as "any compensation owed to an employee by an employer pursuant to an employment contract or agreement between the 2 parties, ....".  Payment to separated employees is termed "final compensation" and defined as "wages, salaries, earned commissions, earned bonuses .... and any other compensation owed the employee by the employer pursuant to an employment contract or agreement between the two parties".  Plaintiff herein entered into an agreement with Defendant, in which Defendant as a material element to the employment agreement, agreed to pay compensation in compliance with state and federal regulations and laws.

**ANSWER**:    Defendant admits that Plaintiff has quoted from the Illinois Wage Payment and Collection Act but denies each and every remaining allegation in this paragraph.

11.    The Illinois Wage Payment and Collection Act, Section 4 provides that "[A]ll wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned".  Plaintiff herein, and other absent Plaintiffs, have been denied payment of rightful

overtime wages for varying amounts of time in excess of 13 days from the time the overtime pay was earned."

      **ANSWER**:    Defendant admits that Plaintiff has quoted from the Illinois Wage Payment

and Collection Act but denies each and every remaining allegation in this paragraph.

      12.    The Illinois Wage Payment and Collection Act, Section 5, provides that "[E]very employer shall pay the final compensation of separated employees in full, at the time of separation, if possible, but in no case later than the next regularly scheduled payday for such employee.  Plaintiff herein has been denied payment of her rightful overtime wages for varying amounts of time in excess of the next scheduled pay day after their separation.

      **ANSWER**:    Defendant admits that Plaintiff has quoted from the Illinois Wage Payment

and Collection Act but denies each and every remaining allegation in this paragraph.

      13.    Defendant's acts as complained of herein and described above, namely the continuing refusal and failure to pay the earned overtime wages to Plaintiff and the Plaintiff class, constitutes a violation of the Illinois Wage Payment and Collection Act.

      **ANSWER**:    Defendant denies the allegations in this paragraph.

      WHEREFORE, the named Plaintiff requests this Court to enter an Order:

      (a)    declaring and decreeing Defendant's compensation practices as described herein, and such other violations which may come to light during the prosecution of this matter, in violation of the provisions of the Illinois Wage Payment and Collection Act;

      (b)    awarding an amount of damages to be shown by the evidence, to which Plaintiff and other members of the Plaintiff Class are entitled;

      (c)    this Court retain jurisdiction of the case until such time as it is assured that Defendant has remedies [sic] the compensation policies and practices complained of herein and are determine [sic] to be in full compliance with the law,

      Plaintiff further requests that:

      (d)    this Court order Defendant to pay to [sic] Plaintiff's reasonable attorney's fees, costs, and litigation expenses, as provided by statute;

      (e)    this Court award whatever additional relief it deems just and appropriate under the circumstances.

      **ANSWER**:    Defendant denies that either Plaintiff or the class that she purports to

represent are entitled to the relief requested.

## AFFIRMATIVE AND OTHER DEFENSES

1.      The Complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's claims are barred to the extent she has failed to comply with the applicable statute of limitations.

3.      At all times, Defendant acted in good faith with respect to the Plaintiff and its other employees and did not willfully violate any federal or state wage payment laws.  Plaintiff, therefore, is not entitled to liquidated damages.

4.      Plaintiff cannot represent a class of similarly situated individuals because Plaintiff is the only Business Office Manager employed by Defendant.

5.      Plaintiff cannot serve as a representative of hourly employees whom she purports to represent because she has been classified as an hourly, non-exempt, employee in her current position only since approximately November 2007, and that change in her status was in error.

6.      Plaintiff is not otherwise a member of the class of employees whom she seeks to represent.

7.      To the extent that Plaintiff seeks to bring class claims under Federal Rule of Civil Procedure 23, she cannot do so because she failed to invoke this rule in her Complaint and further failed to allege how this action satisfies the requirements of Rule 23.

8.      To the extent that Plaintiff seeks to bring both a class action under Federal Rule of Civil Procedure 23 and a collective action under the FLSA, she cannot do so because these devices inherently conflict.

9.      The doctrine of after-acquired evidence, and in particular Plaintiff's own improper conduct, bars or reduces her claims for relief.

10.      Plaintiff is exempt from the minimum wage and overtime requirements of the FLSA

and the Illinois Minimum Wage Act and is therefore not entitled to any overtime pay.

11.    Plaintiff's claims fail because Defendant has paid her all amounts allegedly due and owing.

12.    As a current employee of Defendant, Plaintiff has not been denied any final compensation as alleged in Count V, and therefore, she cannot recover for the same.

WHEREFORE, Defendant prays that the Court deny the relief sought by Plaintiff in all respects, that Defendant be fully discharged from any and all liability as alleged in the Complaint, and the Court award Defendant its costs and reasonable attorneys' fees incurred in defending this action.

Respectfully submitted,

THI OF ILLINOIS AT BRENTWOOD, LLC
d/b/a BRENTWOOD SUB-ACUTE
HEALTHCARE CENTER,

By:  /s/  Amy Schaefer Ramsey
     One Of Its Attorneys

Amy Schaefer Ramsey
Raven A. Winters
LITTLER MENDELSON
A Professional Corporation
200 N. LaSalle Street
Suite 2900
Chicago, IL  60601
312.372.5520

Dated: January 28, 2008

<u>**CERTIFICATE OF SERVICE**</u>

   I electronically filed the foregoing with the Clerk of the Court using the CM/ECF

system, which sent notification of such filing to the following attorney of record on this 28th day

of January, 2008:

   John W. Billhorn
   Billhorn Law Firm
   515 North State Street, Suite 2200
   Chicago, IL  60610

         /s/Amy Schaefer Ramsey

Firmwide:84095667.1 053930.1003